IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William W. WARD, Attorney at Law.

Supreme Court

*No. 92–0646–D. Submitted on briefs April 28, 1993.—Decided
May 11, 1993.*

(Also reported in 499 N.W.2d 172.)

For William Ward there were briefs by *Richard L.
Kaiser* and *William A. Pangman & Associates,*
Waukesha.

For the Board of Attorneys Professional Responsibility there was a brief by *Charles S. Blumenfield,*
Milwaukee.

**PER CURIAM.** *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney William W. Ward appealed from the finding of the referee that, by his conduct as personal representative and attorney in an estate, he attempted to convert assets of that estate. He also appealed from the referee's recommendation that his license to practice law be suspended for two years as discipline for his professional misconduct in that estate, including his attempt to convert estate assets.

The referee's finding that Attorney Ward attempted to convert estate assets has not been shown to be clearly erroneous and, consequently, we adopt that finding. We determine that the recommended two-year license suspension is appropriate discipline to impose for Attorney Ward's professional misconduct considered in this proceeding. In addition to his attempt to convert estate assets, that misconduct included Attorney Ward's failure to transfer ownership of estate assets to the beneficiary to whom they belonged, obtaining three adjournments of the probate proceeding by falsely representing to the court that he had taken actions in respect to estate assets, making false statements in papers he filed with the court, failing to keep client property in trust, making misrepresentations to the beneficiary, the Board of Attorneys Professional Responsibility (Board), and others concerning actions he had taken in regard to estate assets and failing to produce documents requested by the Board during its investigation of his conduct in the matter. By that misconduct, Attorney Ward violated his fundamental professional obligations to deal fairly and honestly with his clients and the court and to pursue diligently those matters for which he has been retained.

Attorney Ward was admitted to practice law in Wisconsin in 1952 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding.

The referee, Attorney Stanley Hack, made findings of fact concerning Attorney Ward's conduct in the probate of an estate commenced in February, 1987. A 78-year-old woman retained him to probate the estate of her twin sister, of which she was the sole beneficiary under the decedent's will. From the beginning of the representation, the client was accompanied and assisted by a close personal friend.

Attorney Ward commenced informal administration of the estate and was appointed personal representative after the client declined to act in that capacity. As the death of the sister had occurred almost one year prior to his being retained, Attorney Ward promptly made a tender of inheritance tax. In response to the probate court's subsequent order to show cause, Attorney Ward filed the inventory on January 21, 1988, disclosing a gross estate of $226,000.

The probate court sent Attorney Ward a notice on April 27, 1988 adverting to the statutory 18-month time limit to conclude the estate and, when there was no further activity in it, the court on September 29, 1988 ordered him to show cause why the estate was not closed. After the hearing on that order had been adjourned for almost one year, Attorney Ward filed a closing certificate, a certificate determining inheritance tax and a petition requesting further adjournment of the hearing on the court's order. The hearing was adjourned first to January 4 and then to October 4, 1990. Attorney Ward filed a second request for adjournment and the matter was set for December 6, 1990, at which time Attorney Ward appeared before

the probate court to obtain an additional extension of time, stating that everything was done on the estate except for redemption of a $5,000 savings bond, which "was in the mail" and "expected momentarily." The court granted a 60-day "final adjournment." In each of the two notarized petitions for adjournment and at his appearance before the court, Attorney Ward asserted that certain government bonds had been surrendered for reissue or payment that had not yet been received. In fact, however, Attorney Ward had not surrendered any of the bonds and they remained in his possession.

On February 6, 1991, the last day of the "final adjournment," Attorney Ward filed with the court a receipt signed by the estate's sole beneficiary stating that she had received her full interest in the estate. Together with that receipt, Attorney Ward filed a personal representative's statement asserting that the estate's assets had been distributed. In fact, on that date the beneficiary had received only a copy of a deed to property which she and her sister had owned jointly; Attorney Ward had not redeemed or transferred government bonds with a value of more than $100,000 and had not closed or transferred eight bank accounts totaling $165,000. In addition, Attorney Ward had not given the beneficiary the contents of her sister's safe deposit box, which included gold pieces, silver coins and jewelry.

When Attorney Ward undertook the representation in this matter, there were 125 savings bonds in that safety deposit box. Soon after commencing the informal administration, he removed those bonds and kept them in an envelope in a safe at his home, together with his personal property. Throughout his representation of the estate, Attorney Ward did nothing with the bonds. At the disciplinary hearing, he testified he did

4

not have the certified copies of his domiciliary letters he would need to obtain the transfer of the bonds. In addition to failing to redeem or transfer the bonds, Attorney Ward failed to file income tax returns for the estate for 1989 and 1990.

On the basis of that conduct and the fact that he had no explanation for it other than that he intended to distribute the estate's assets but was uncertain how to proceed under the circumstances, the referee found that Attorney Ward attempted to convert the estate's assets "by arranging matters in such a way that, following certain deaths [of the beneficiary and her close friend who was assisting her in the estate], no one with an interest in the estate would be aware that assets had not been distributed."

During the course of his representation in this matter, Attorney Ward made several statements to the beneficiary that the estate would be closed within a few weeks and at one point told her friend it would be closed within six weeks. When the friend learned the estate was not closed within that time, she wrote Attorney Ward reminding him of his promise. He did not respond to her letter. When the beneficiary told her friend Attorney Ward had her sign some papers on February 6, 1991 which she did not understand, the friend asked Attorney Ward what those papers were. He told her it was merely a power of attorney for tax purposes; he did not tell her he'd had the beneficiary sign a receipt for all of the estate assets.

After the client's friend filed a grievance and the Board asked for his reply, Attorney Ward did not disclose all of the facts regarding the status of the estate. Specifically, even though he had closed the estate on February 6, 1991, he told the Board the estate was still open, as all of the assets had not been distributed.

Regarding that distribution, he misrepresented to the Board that he could and would complete the estate in a short period of time.

During its investigation of this matter, the Board subpoenaed Attorney Ward for a deposition, directing him to produce a complete copy of his file in the estate matter. Although he represented to the Board that the file he produced at the deposition complied with the subpoena, he did not produce a separate tax file he maintained for the estate.

On the basis of those facts, the referee concluded that Attorney Ward violated the Rules of Professional Conduct for Attorneys as follows:

— His failure to file the estate inventory, close the estate, redeem or transfer the bonds, close the bank accounts, transfer the personal property in the safe deposit box and file estate income tax returns for two tax years constituted neglect of the estate matter and failure to diligently pursue it, in violation of SCR 20.32(3)[1] and 20:1.3.[2]

— His false statements in the beneficiary's receipt, his personal representative's statement and his two petitions for adjournment, all of which were filed with the probate court, constituted misconduct involving dishon-

---

[1] Former SCR 20.32 provided:

**Failing to act competently.** A lawyer may not:
. . .
(3)  Neglect a legal matter entrusted to the lawyer.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

esty, fraud, deceit and misrepresentation, in violation of SCR 20:3.3(a)(1)[3] and 8.4(c).[4]

— His retaining the estate's government bonds in the safe at his residence constituted a failure to hold client property in trust, separate from his own property, in violation of SCR 20:1.15(a).[5]

— His failure to promptly deliver property and funds to a client which the client was entitled to receive violated SCR 20:1.15(b).[6]

— His attempt to convert estate assets by arranging the estate matters so that, after

---

[3] SCR 20:3.3 provides:

**Candor toward the tribunal**
(a)   A lawyer shall not knowingly:
(1)   make a false statement of fact or law to a tribunal;

[4] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[5] SCR 20:1.15 provides:

**Safekeeping property**
(a)   . . . All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . .

[6] SCR 20:1.15 provides:

**Safekeeping property**
. . .
(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

the deaths of the beneficiary and her friend, no one would be aware that the assets had not been distributed constituted an attempt to engage in criminal conduct, in violation of SCR 20:8.4(b),[7] thus violating SCR 20:8.4(a).[8]

— His statements to the beneficiary, to her friend and to the Board that he had submitted the government bonds for reissue or redemption constituted conduct involving dishonesty, fraud, deceit of misrepresentation, in violation of SCR 20:8.4(c).

— His assertion to the Board on two occasions that the estate was still pending, when he had closed it, constituted a failure to cooperate with the Board in its investigation, in violation of SCR 22.07(2).[9]

---

[7] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

[8] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
(a) vic!·te or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

[9] SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a

— His failure to produce the tax material relating to the estate in response to the Board's subpoena for his deposition and his statement that the file he produced was the estate file constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

— His false statement to the client's friend concerning the nature of the document the client had signed constituted a false statement of material fact, in violation of SCR 20:4.1(a),[10] 20:8.4(c), 20:1.3, and 20:1.4(a).[11]

— His false statements to the court concerning the status of the estate and the bonds in it violated SCR 20:3.3(a)(1) and his failure to make reasonable efforts to expedite the litigation consistent with the beneficiary's interest violated SCR 20:3.2.[12]

---

request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[10] SCR 20:4.1 provides:

**Truthfulness in statements to others**

In the course of representing a client a lawyer shall not knowingly:

(a)   make a false statement of a material fact or law to a third person;

[11] SCR 20:1.4 provides:

**Communication**

(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[12] SCR 20:3.2 provides:

**Expediting litigation**

As discipline for that misconduct, the referee recommended that the court suspend Attorney Ward's license to practice law for two years. In making that recommendation, the referee explicitly took into account the seriousness of the misconduct, citing the age of the estate's beneficiary, the nature of its assets, the combination of Attorney Ward's action and inaction, the sworn statements he had made to the court and "the many lost opportunities to resolve or avoid some or all of the problems." The referee noted that the effort required to complete the relatively simple estate would have been less than that Attorney Ward expended to obtain the delays in its completion. The referee considered as a mitigating factor that Attorney Ward has not been the subject of a disciplinary proceeding throughout his 40 years of practice.

In the course of the disciplinary proceeding, Attorney Ward stipulated to much of the misconduct concerning his handling of the estate and his misrepresentations to the beneficiary, her friend and the court concerning it. The only finding of fact concerning his misconduct challenged in his appeal is the referee's finding that he attempted to convert the assets of the estate. He incorrectly asserted that the "finding" was really a conclusion of law and, consequently, not binding on the court, as would be a finding of fact, provided it were not "clearly erroneous."

Attorney Ward argued that the evidence in the record is insufficient to support the referee's determination that he had attempted to convert estate assets. It is Attorney Ward's position that, after he had failed to give the probate of the estate the attention it required, his concern about the "embarrassment" he would suffer if he were removed as attorney caused

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

10

him to engage in the more serious misconduct of making misrepresentations to the court concerning his actions in the estate.

The inference drawn by the referee that Attorney Ward was in the process of attempting to convert estate assets is not based on mere conjecture but is reasonably premised on numerous facts of record. Except for giving the beneficiary a deed to real estate she and the decedent jointly owned, Attorney Ward did nothing to transfer ownership of the estate assets to the beneficiary to whom they belonged. It is significant that he did not submit even one savings bond for redemption during the four years he was supposed to be probating the estate. Even more significantly, he did not close even one of the eight bank accounts and turn over the balance to the beneficiary. Moreover, he did not give the beneficiary any of the personal property located in the safe deposit box, not even the decedent's jewelry.

Those facts do not support Attorney Ward's claim that he merely neglected or even ignored this estate. On three separate occasions he sought and obtained adjournment of the probate court's proceeding in the estate and he did so by falsely representing to the court that he had taken the actions in respect to the savings bonds that he knew he was required to take but had not taken.

Although Attorney Ward did not convert the assets to his own use to the extent of using them for his own personal purposes, he did intentionally exert control over those assets for four years, consciously depriving the beneficiary of them. His argument that the beneficiary did not need the assets, as she lived a modest lifestyle, is disingenuous. His refusal to turn over even the least valuable piece of personal property to the beneficiary deprived the very person who retained him to act in the estate of enjoying it. Furthermore, even

though she may not have had needed the money to which she was entitled, the beneficiary may well have desired to make a gift of it to a friend, a relative or a charity. Attorney Ward's intentional refusal to place those funds at the beneficiary's disposal prevented her from doing so.

Thus, while he did not spend any of the money in the estate's bank accounts or from its savings bond for his own purposes, Attorney Ward retained control of those funds well beyond the time necessary to see to their distribution in accordance with the testator's will and he made sure the beneficiary could not use those funds for her own purposes for a period of four years. Attorney Ward also made sure the probate court did not know he was continuing to deprive the beneficiary of the substantial assets in the estate. Because the transfer of the assets from the estate to the beneficiary was a relatively simple matter, Attorney Ward found it necessary to deceive the court into thinking he had taken those uncomplicated measures to distribute the assets to the person entitled to them.

On the issue of discipline, Attorney Ward asserted that a 60-day license suspension would be appropriate. He contended that the referee failed to consider several factors in mitigation of the seriousness of the discipline to be imposed, including the fact that he had received unfavorable notoriety following the filing of the complaint in this proceeding and the fact that, because of his age, a two-year license suspension would effectively end his legal career.

Having adopted the referee's findings of fact and conclusions of law in respect to Attorney Ward's professional misconduct, we determine that the recommended two-year license suspension is appropriate discipline to impose for that misconduct. Whether or not he intended to take the beneficiary's property

following her death, Attorney Ward treated that property in the estate as if it were his own during the four years he served as personal representative and attorney of the estate, at least to the extent of retaining control over it, in direct opposition to his professional duty in the matter. Coupled with his numerous misrepresentations to the beneficiary, her friend, the court and the Board concerning his actions on behalf of the estate, that misconduct warrants severe discipline.

IT IS ORDERED that the license of William W. Ward to practice law in Wisconsin is suspended for a period of two years, commencing June 21, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order William W. Ward pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William W. Ward to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William W. Ward comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.